# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ERNEST OCHOA, CDCR #AN-2773, <br><br>　　　　　　Plaintiff, <br><br>vs. <br><br>FEDERICKA VON LINTIG; L. CARMICHAEL; R. MADDEN; RALPH M. DIAZ; JOHN DOE #1; JOHN DOE #2 <br>　　　　　　Defendants. | Case No.: 3:19-cv-00346-MMA-JLB <br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** <br><br>[Doc. No. 10] <br><br>**DENYING MOTION TO APPOINT COUNSEL;** <br><br>[Doc. No. 11] <br><br>**GRANTING MOTION FOR LEAVE TO FILE EXCESS PAGES;** <br><br>[Doc. No. 12] <br><br>**DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Barry Ernest Ochoa, a prisoner incarcerated at Correctional Training Facility located in Soledad, California and proceeding *pro se*, has filed a civil rights

action pursuant to 42 U.S.C. § 1983. Plaintiff's initial complaint was stricken by the Court for failing to comply with the Court's General Order 653A. *See* Doc. No. 4. However, the Court later permitted Plaintiff to file a First Amended Complaint ("FAC") which is now the operative pleading. *See* Doc. No. 9. In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), a Motion for Leave to File Excess Pages, and a Motion to Appoint Counsel. *See* Doc. Nos. 10, 11, 12.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. *See* Doc. No. 10 at 7-8. Plaintiff's statement shows that he had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 10) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     Motion to File Excess Pages

Because Plaintiff was incarcerated at Centinela State Prison ("CEN") at the time of filing, S.D. Cal. General Order 653A applies to his initial pleadings. General Order 653Asets out procedures whereby the U.S. District Court for the Southern District of California, in conjunction with the California Department of Corrections and Rehabilitation ("CDCR"), adopted a pilot program at CEN requiring that prisoners incarcerated there who wish to file § 1983 actions IFP submit their initial filings electronically with the Clerk of the Court. Any initial documents subject to General Order 653A that are received by the Clerk but which do not comply with General Order 653, are "accepted by the Clerk of Court for filing and docketed, but may be stricken by Court order as authorized by Local Civil Rule 83.1." *See* S.D. Cal. Gen. Order 653A ¶ 2.

General Order 653A also provides, in pertinent part, that "the Court will enforce Local Civil Rule 8.2(a), which prohibits pro se complaints [filed] by prisoners from

exceeding twenty-two (22) pages, consisting of the [Court's] seven (7) page form [§ 1983] complaint, plus no more than fifteen additional pages." *Id.* ¶ 4. CEN prisoners subject to both General Order 653A and S.D. Cal. CivLR 8.2(a) may also file a motion to increase this page limit, but each must "demonstrate his or her need to exceed the page limitation." *Id.* ¶¶ 6, 7.

Pro se litigants are generally bound to comply with the Court's Local Rules and any order of the Court. *See* S.D. Cal. CivLR 83.11.a ("Any person appearing propria persona is bound by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim. P. as appropriate."); *see also* S.D. Cal. CivLR 83.1.a ("Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court" may result in sanctions, including dismissal).

In this matter, while Plaintiff has filed voluminous exhibits, his FAC is only twenty-two (22) pages including the Court's form § 1983 complaint. Thus, while the added exhibits could be construed to violate the Court's Local Rules, the Court **GRANTS** Plaintiff's Motion for Leave to File Excess Pages (Doc. No. 12) and declines to exercise its discretion to strike his non-compliant pleading pursuant to S.D. Cal. CivLR 83.1. *See* S.D. Cal. Gen. Order 653A.

### III. Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel because he is unable to afford a lawyer and claims his imprisonment will limit his ability to litigate. Plaintiff further contends that an eventual trial will likely involve conflicting testimony and evidence that trained counsel will be better able to evaluate and present. *See* Doc. No. 11 at 1.

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017

(9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

As currently pleaded, Plaintiff's FAC demonstrates neither the likelihood of success nor the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. First, while Plaintiff may not be formally trained in law, his allegations, as liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), show he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his Eighth Amendment claim which is not legally "complex." *Agyeman*, 390 F.3d at 1103. Second, for the reasons discussed more fully below, Plaintiff's FAC requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim against either named Defendant. *Id.* As such, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. No. 11) without prejudice. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, and did not show likelihood of succeed on the merits).

**IV. Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

  A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Allegations[1]

On July 3, 2013 Plaintiff "arrived" at CEN and "requested Hepatitis C treatment." FAC at 12. Medical staff ordered "bloodwork" on July 26, 2013 which "showed Plaintiff

---

[1] Citations to electronically-filed documents refer to the pagination assigned by the CM/ECF system.

6

3:19-cv-00346-MMA-JLB

had Hepatitis C Genotype 1(a)." *Id.* Plaintiff was "referred to the Hepatitis C clinic where additional bloodwork was ordered" on August 15, 2013. *Id.* Plaintiff claims this additional bloodwork "showed an increase in the severity of Plaintiff's medical condition." *Id.*

On November 12, 2013, Plaintiff made an "additional request for treatment" when he was seen at the "Hep C clinic." *Id.* Plaintiff alleges he "complained of extreme pain and recurring symptoms." *Id.* However, he claims Defendant Von Lintig "refused the Plaintiff's request for treatment" because according to the CDCR's "Hepatitis C management policy and procedure," Plaintiff needed to be "at least stage 2" before he became "eligible for the treatment." *Id.* Plaintiff alleges Von Lintig "refused to complete a treatment authorization request ("TAR")." *Id.* "At this point the Plaintiff's Hepatitis C had not yet caused any permanent liver (or other) damage." *Id.* Von Lintig did order a "biopsy of Plaintiff's liver." *Id.* at 13.

On January 10, 2014, a "report" was issued indicating that the results of the biopsy "showed that Plaintiff's Hepatitis C had progressed to stage 2." *Id.* Plaintiff was "notified that he would have a 14 day follow up appointment" with Von Lintig but the "appointment never happened." *Id.* Plaintiff submitted a "Health Care Services request form" on February 28, 2014 seeking to "obtain treatment for his now stage 2" Hepatitis C. *Id.*

"Weeks later," Plaintiff had an appointment with Von Lintig and claims he "expressed his concerns about his advancing conditions and the possibility of irreparable liver damage." *Id.* However, he alleges Von Lintig told him that "once his blood was cured his liver would heal on its own self." *Id.* Plaintiff told Von Lintig that he was "concerned about developing cirrhosis" and again "requested treatment." *Id.* Plaintiff alleges Von Lintig "denied" his request and stated that the CDCR's "policy had changed and that Plaintiff would not now be eligible for treatment until his Hepatitis C was stage 3." *Id.* at 14.

Plaintiff was examined Dr Rogelio Ortega[2] on February 1, 2016 and "noted that the Plaintiff had a history of Hepatitis C" and as a result, he was "concerned about the possibility of Cirrhosis." *Id.* One day later, Plaintiff was examined by Dr. Kyle Seeley[3] who purportedly "noted that the Plaintiff met the criteria for consideration of treatment" and he "completed a [treatment authorization request] on behalf of the Plaintiff." *Id.* Dr. Seeley later informed Plaintiff on March 8, 2016 that Plaintiff's request for treatment was "deferred by the HCV Oversight Committee" due to the "possibility of Plaintiff being re-sentenced, or having the eligibility for early parole." *Id.* Dr. Seeley "personally e-mailed the HCV Committee regarding Plaintiff's ineligibility for early parole" and asked them to "reconsider and continue the processing" of Plaintiff's treatment authorization request. *Id.* at 15.

Plaintiff's treatment was approved by Defendant Carmichael on March 16, 2016. *See id.* Plaintiff began his treatment on March 23, 2016 and completed the treatment on June 16, 2016. *See id.* On June 21, 2016, Plaintiff "treatment is shown to have been successful in allegedly curing the Plaintiff's blood of Hepatitis C." *Id.* However, on August 11, 2016, Plaintiff underwent further testing that showed he had "cirrhosis of the liver." *Id.* Based on these allegations, Plaintiff seeks an unspecified amount of compensatory and punitive damages, as well as declaratory relief. *See id.* at 22.

C.  42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a

---

[2] Dr. Ortega is not a named Defendant.

[3] Dr. Seeley is not a named Defendant.

person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. <u>Statute of Limitations</u>

Plaintiff claims against Von Lintig arise from his claim that on November 12, 2013 he allegedly refused to provide Plaintiff with medical treatment. *See* FAC at 12. He also claims that "weeks" after February 28, 2014, Von Lintig "denied Plaintiff's request for treatment." *Id.* at 13-14. This is the last date Plaintiff indicates that he had any interaction with Von Lintig.

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of

limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. *See* CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling). In addition, the limitations period for prisoners is tolled while the "prisoner completes the mandatory exhaustion process." *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Here, Plaintiff's claims against Von Lintig accrued in 2013 and 2014. *See* FAC at 12-14. Thus, assuming Plaintiff is not serving a life sentence, he is entitled to an additional two (2) years of statutory tolling pursuant to CAL. CIV. PROC. CODE § 352.1(a).

*Johnson*, 207 F.3d at 654; *see also Jones*, 393 F.3d at 928 n.5 (noting that "California courts have read out if the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling."). Consequently, based on the face of Plaintiff's own pleading, it is clear Plaintiff's claims against Von Lintig fall far outside California's two-year statute of limitations, even including all presumed periods of tolling provided by statute. *See Wallace*, 591 U.S. at 391; *Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration).

Finally, Plaintiff's claims could be considered timely if, in his FAC, he alleges facts sufficient to show the limitations period may be *equitably* tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010). Accordingly, the Court finds the running of the statute of limitations is apparent on the face of Plaintiff's FAC, and therefore he has failed to state a claim as to Von Lintig upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

///

### E. Eighth Amendment claims

Plaintiff alleges that Defendants Carmichael and John Doe #1 are members of the "HCV Oversight Committee." *See* FAC at 2. Plaintiff claims that this committee initially denied his request for treatment on March 8, 2016, but eight days later approved his treatment. *See id.* at 15.

To violate the Eighth Amendment, Plaintiff must allege facts sufficient to show "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 475 U.S. 312, 347 (1981). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, alleged deprivations under the Eighth Amendment "must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.* Mere negligence on the part of the prison official is not sufficient to establish liability—the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

To meet this high standard, a prisoner alleging an Eighth Amendment violation must plead facts sufficient to "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the officials "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted). Prison officials act with "deliberate indifference ... only if [they are alleged to] know[ ] of and disregard[ ] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).

While Plaintiff's allegations of being diagnosed with Hepatitis C are sufficient to meet the Eighth Amendment's objective requirements, *see Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain), he must further allege

facts sufficient to show that each individual person he seeks to sue "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Plaintiff does not allege that Defendant Carmichael or John Doe #1 had any role in his medical treatment prior to March 8, 2016 when they purportedly denied his request for medical treatment. Instead, he alleges that they apparently reconsidered their initial denial and approved treatment eight days later. *See* FAC at 15. Plaintiff does not specify how an eight day delay in starting his treatment impacted his medical condition. He must actually show how this delay is alleged to have caused harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1991) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). As such, the Court finds that Plaintiff has failed to adequately state an Eighth Amendment deliberate indifference to a serious medical need claim as to Defendants Carmichael and John Doe #1.

F.  <u>Claims against Madden, Diaz, and John Doe #2</u>

Plaintiff seeks to hold Defendant John Doe #2 liable as the "Statewide Chief Medical Executive." FAC at 2, 11. He further seeks to hold Defendant R. Madden liable in his role as the Warden for CEN. *See id.* at 2, 9-10. Finally, he seeks to hold Defendant Ralph M. Diaz liable as the "Secretary for the CDCR." *Id.* at 2, 9. Plaintiff does not allege that any of these named Defendants were actually aware of Plaintiff's medical needs or played any direct role in his medical treatment. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on

municipalities . . . .'") (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against these Defendants because he has failed to allege facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations. *See Canton*, 489 U.S. at 385 ("*Respondeat* superior and vicarious liability will not attach under § 1983.") (citing *Monell*, 436 U.S. at 694-95).

Accordingly, the Court dismisses Plaintiff's Eighth Amendment claims against Madden, Diaz, and John Doe #2 for failing to state a claim upon which relief may be granted.

G.  Leave to Amend

For the reason set forth above, the Court finds Plaintiff fails to state any § 1983 claim upon which relief can be granted. However, because Plaintiff is proceeding *pro se*, and having now been provided with "notice of the deficiencies in his complaint," the Court will also grant him an opportunity to cure those deficiencies. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

///

## V. Conclusion

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion for Leave to File Excess Pages (Doc. No. 12)

2. **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. No. 11) without prejudice;

3. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 10);

4. **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

5. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

6. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///

1  If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

7. The Court **DIRECTS** the Clerk of Court to mail a court-approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED**.

DATE: June 25, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge