# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ERNEST OCHOA, CDCR #AN-2773,<br><br>                    Plaintiff,<br><br>vs.<br><br>FEDERICKA VON LINTIG; L. CARMICHAEL; R. MADDEN; RALPH M. DIAZ; JOHN DOE #1; JOHN DOE #2<br><br>                    Defendants. | Case No.: 3:19-cv-00346-MMA-JLB<br><br>**ORDER DISMISSING DEFENDANTS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT ON DEFENDANT VON LINTIG** |

      Plaintiff Barry Ernest Ochoa, a prisoner incarcerated at Correctional Training Facility located in Soledad, California, and proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's initial Complaint was stricken by the Court for failing to comply with the Court's General Order 653A. *See* Doc. No. 4. However, the Court later permitted Plaintiff to file a First Amended Complaint ("FAC"). *See* Doc. No. 9. In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), a Motion for Leave to File Excess Pages, and a Motion to Appoint Counsel. *See* Doc. Nos. 10, 11, 12.

On June 25, 2019, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion to Appoint Counsel, granted his Motion for Leave to File Excess Pages, and sua sponte dismissed his FAC for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). On August 8, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). *See* Doc. No. 14.

**I.      Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.      <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.     Plaintiff's Allegations[1]

On July 3, 2013 Plaintiff "arrived" at CEN and "requested [Hepatitis] C treatment." SAC at 3. Medical staff ordered "bloodwork" on July 26, 2013 which "showed Plaintiff had [Hepatitis] C genotype 1(a)." *Id.* Plaintiff was "referred to the [Hepatitis] C clinic where additional bloodwork was ordered." *Id.* Plaintiff claims this additional bloodwork "showed an increase in the severity of [Plaintiff's] medical condition." *Id.*

On November 12, 2013, Plaintiff made an "additional request for treatment" when he was seen at the "Hep C clinic." *Id.* Plaintiff alleges he "complained of extreme pain and recurring symptoms." *Id.* However, he claims Defendant Von Lintig[2] "refused [Plaintiff's] request for treatment" because according to the CDCR's Hepatitis C "management policy and procedure," Plaintiff needed to be "at least stage 2" before he became "eligible for the treatment." *Id.* Plaintiff alleges Von Lintig "refused to complete a (TAR) treatment authorization request" *Id.* "At this point the [Plaintiff's Hepatitis C] had not yet caused any permanent liver (or other) damage." *Id.* Von Lintig did order a "biopsy of [Plaintiff's] liver." *Id.* at 13.

---

[1] Citations to electronically-filed documents refer to the pagination assigned the CM/ECF system.

[2] In Plaintiff's FAC he spelled this Defendant's name as "Federika Von Lintig." *See* Doc. No. 9 at 1-2. However, in his SAC, Plaintiff's spells this Defendant's name as Carla Friederike Von Lintig." *See* Doc. No. 1-2.

3

3:19-cv-00346-MMA-JLB

On January 10, 2014, a "report was issued indicating that the results of the biopsy" indicated that Plaintiff's Hepatitis C "had progressed to stage 2." *Id.* Plaintiff was "notified that a 14 day follow up would be generated" but "it never happened." *Id.* Plaintiff submitted a "Health Care Services Request" form "seeking treatment" for his stage 2 Hepatitis C. *Id.*

"Weeks later," Plaintiff had an appointment with Von Lintig and claims he "stated [his] concern about developing cirrhosis" and "requested treatment." *Id.* However, Plaintiff alleges Von Linting "denied [his] request and stated CDCR's policy had changed and [he] would not now be eligible for treatment" until he reached "stage 3." *Id.*

Plaintiff was examined by Dr. Rogelio Ortega[3] on February 1, 2016 and informed Plaintiff that he was "concerned about [him] developing cirrhosis." *Id.* One day later, Dr. Kyle Seely[4] examined Plaintiff and "noted that [he] was eligible for Hepatitis C treatment and he completed a TAR." *Id.* On March 8, 2016, Dr. Seeley informed Plaintiff that his treatment "was deferred by the HCV Oversight Committee due to [Plaintiff] possibly being released early on parole." *Id.* However, Dr. Seeley, after speaking with Plaintiff, "emailed the HCV and informed them [Plaintiff] was not eligible for early parole and asked to reconsider the processing of Plaintiff's TAR." *Id.* at 3-4.

On March 16, 2016, Plaintiff "treatment was approved by Mr. Carmichael." *Id.* at 4. Plaintiff completed treatment on June 16, 2016. *See id.* at 4. While the "treatment allegedly" showed Plaintiff was "cured" of Hepatitis C, further testing showed he had cirrhosis of the liver. *Id.* Plaintiff seeks compensatory and punitive damages, as well as declaratory relief. *Id.* at 7.

C. <u>Waiver of Defendants</u>

In the Court's June 25, 2019 Order, Plaintiff was instructed that if he chose to file a

---

[3] Dr. Ortega is not a named Defendant.

[4] Dr. Seely is not a named Defendant

SAC, it must be "complete by itself without reference to his original pleading." *See* June 25, 2019 Order at 15. In addition, the Court cautioned Plaintiff that "[d]efendants not named and any claim not re-alleged in his [SAC] will be considered waived." *Id.* citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

In his SAC, Plaintiff no longer names Defendants Carmichael, John Doe #1, John Doe #2, R. Madden, or Ralph M. Diaz. Thus, the claims against these Defendants are waived and these Defendants are dismissed from this action.

### D. Service of Remaining Defendant

As to the remaining Defendant, Von Lintig, the Court finds Plaintiff's SAC contains "sufficient factual matter, accepted as true," to state Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment); CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005) (under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years); *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005) (the limitations period for prisoners is tolled while the "prisoner completes the mandatory exhaustion process.")

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's SAC on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall

issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** Defendants Carmichael, John Doe #1; John Doe #2; R. Madden; and Ralph M. Diaz and **DIRECTS** the Clerk of Court to terminate this action as to these Defendants.

2. **DIRECTS** the Clerk to issue a summons as to Defendant **Von Lintig** and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the June 25, 2019 Order granting IFP status, certified copies of his SAC, and the summons so that he may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

3. **ORDERS** the U.S. Marshal to serve a copy of the SAC and summons upon Defendant **Von Lintig** as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant, once they have been served, to reply to Plaintiff's SAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b),

and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

DATE: August 27, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge