# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ERNEST OCHOA,<br><br>                   Plaintiff,<br>v.<br>VON LINTIG,<br><br>                   Defendant. | Case No.: 19cv346-MMA (JLB)<br><br>**ORDER GRANTING DEFENDANT VON LINTIG'S UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 20] |

Plaintiff Barry Ernest Ochoa is a California state prisoner, proceeding *pro se* in this civil rights action. Plaintiff alleges that Defendant Von Lintig violated his Eighth Amendment right to adequate medical care. *See* Doc. No. 14. Defendant Von Lintig moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 20. To date, Plaintiff has not responded to Defendant's motion and the time in which to do so has expired. *See* SD CivLR 7.1.e.2. For the reasons set forth below, the Court **GRANTS** Defendant Von Lintig's unopposed motion to dismiss.

## DISCUSSION

Defendant Von Lintig moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 20. Defendant Von Lintig properly served Plaintiff with the motion to dismiss at his current address of record, as reflected by the

1

California Department of Rehabilitation and Corrections' Public Inmate Locator System.[1] The motion was previously set for hearing on February 3, 2020. As such, Plaintiff's response to the motion was due on or before January 21, 2020. *See* SD CivLR 7.1.e.2; Fed. R. Civ. P. 6(a)(1)(C). To date, Plaintiff has not submitted a response brief, nor has he requested an extension of time in which to do so.

As set forth in this District's Civil Local Rules, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." SD CivLR 7.1.f.3.c. The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). The Court has the option of granting Defendant Von Lintig's motion on the basis of Plaintiffs' failure to respond, and it chooses to do so.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Von Lintig's motion to dismiss Plaintiff's Eighth Amendment claim. Because Von Lintig is the sole defendant, the Court **DISMISSES** this action in its entirety without prejudice. The Court **DIRECTS** the Clerk of Court to enter judgement accordingly and close the case.

**IT IS SO ORDERED**.

DATE: February 11, 2020

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] *See* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=AN2773 (last visited 2/11/2020).