# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ERNEST OCHOA,<br><br>                        Plaintiff,<br><br>v.<br><br>VON LINTIG,<br><br>                        Defendant. | Case No. 19cv346-MMA (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO RESPOND;**<br><br>[Doc. No. 26]<br><br>**DIRECTING CLERK OF COURT TO REOPEN CASE** |

     Plaintiff Barry Ernest Ochoa is a California state prisoner proceeding *pro se* in this civil rights action. Plaintiff alleges that Defendant Von Lintig violated his Eighth Amendment right to adequate medical care. *See* Doc. No. 14. Defendant Von Lintig previously moved to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 20. Plaintiff did not file a response and the Court granted Defendant's motion to dismiss as unopposed. *See* Doc. No. 23. The Court dismissed Plaintiff's claim without prejudice and directed the Clerk of Court to enter judgment accordingly. *See* Doc. No. 24. Plaintiff now moves *ex parte* for relief from judgment

and requests an extension of time in which to file a response to Defendant Von Lintig's motion to dismiss. *See* Doc. No. 25. To date, Defendant has not filed an opposition to Plaintiff's motion. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

## DISCUSSION

A district court may grant a motion for relief from judgment if the moving party can show, as relevant here, mistake, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Whether the Court should grant relief "depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

Plaintiff alleges that his failure to file a response to Defendant's motion to dismiss was due to his mistake regarding the applicable rules, compounded by his disability and resulting difficulty in preparing and submitting legal documents without assistance. This merits relief under Rule 60(b)(1). *See, e.g.*, *Pioneer Inv. Srvcs. Co.*, 507 U.S. at 394. In addition, the Court finds that Plaintiff appears to be acting in good faith. Thus, the danger of prejudice to Defendant Von Lintig and the length of delay is outweighed by the other relevant factors.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion and **VACATES** the February 11, 2020 Order and Judgment dismissing this action. *See* Doc. Nos. 23, 24. The Court **DIRECTS** the Clerk of Court to reopen the case.

Plaintiff must file a response to Defendant Von Lintig's motion to dismiss on or before **April 3, 2020**.

If Plaintiff responds, Defendant may file a reply on or before **April 10, 2020**.

Upon completion of the briefing, the Court will once again take the motion under submission without oral argument and issue a written ruling in due course.  *See* SD CivLR 7.1.d.1; Fed. R. Civ. P. 78(b).

**IT IS SO ORDERED**.

DATE: March 3, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge