UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BARRY ERNEST OCHOA, | Case No.: 19-cv-00346-MMA-JLB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| CARLA FRIEDERIKE VON LINTIG, | |
| Defendant. | |
| | [ECF No. 32] |

Before the Court is Plaintiff Barry Ernest Ochoa's Motion for Appointment of Counsel. (ECF No. 32.) Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action, and this is his second request for appointment of pro bono counsel.[1] (*See* ECF Nos. 11; 13; 14.) For the reasons set forth below, Plaintiff's Motion for Appointment of Counsel is **DENIED without prejudice**.

## I.   LEGAL STANDARD

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court in its

---

[1] On June 25, 2019, the Honorable M. Michael Anello denied Plaintiff's first Motion for Appointment of Counsel (ECF No. 11), finding that the exceptional circumstances necessary for appointment of counsel did not then exist. (*See* ECF No. 13 at 4–5.)

discretion "may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). When determining whether "exceptional circumstances" exist, a court must consider: (1) the plaintiff's "likelihood of success on the merits"; and (2) the plaintiff's ability "to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## II.   DISCUSSION

### A.   Likelihood of Success on the Merits

The Court first considers whether Plaintiff has shown a likelihood of success on the merits. Plaintiff argues only that his case has merit because Judge Anello acknowledged in his second screening order pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) that his Second Amended Complaint ("SAC") "contains sufficient factual matter, accepted as true, to state Eighth Amendment claims for relief that are plausible on its face." (ECF No. 32 at 3 (quoting (ECF No. 15 at 5).)

Judge Anello's acknowledgment in his screening order that the SAC may contain a plausible Eighth Amendment claim was not a recognition that Plaintiff's case has merit or is likely to succeed. Although the SAC survived the "low threshold" for pre-answer screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b), this "*sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent [Federal Rule of Civil Procedure] 12(b)(6) motion that [a defendant] may choose to bring." *Tehan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). And here, Defendant has moved to dismiss the SAC pursuant to Rule 12(b)(6).[2]

---

[2]   In her currently-pending Motion to Dismiss, Defendant argues, *inter alia*, that the SAC fails to state an Eighth Amendment deliberate indifference claim and the conduct at

  Moreover, even if the SAC survives Defendant's Motion to Dismiss, its survival would not be indicative of Plaintiff's likelihood of success. *See Alvarez v. Ko*, No.: 16-cv-1302-CAB-NLS, 2017 WL 3131633, at *2 & n.2 (S.D. Cal. July 24, 2017) ("A motion to dismiss assumes all the allegations of the complaint are true for the purposes of the motion to dismiss. The same standard is not applicable when analyzing the likelihood of success on the merits."). Although the Court may determine that Plaintiff has sufficiently *pleaded* an Eighth Amendment deliberate indifference claim, at this preliminary stage of the proceedings, Plaintiff has yet to demonstrate, and it is too soon to tell, whether Plaintiff is likely to succeed.

  Plaintiff presents no argument that he is likely succeed besides that the SAC survived pre-answer screening. Therefore, the Court concludes that the first factor weighs against finding that exceptional circumstances exist warranting the appointment of counsel. *See Torbert v. Gore*, No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").

**B. Ability to Articulate Claims *Pro Se***

  The Court next considers Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Plaintiff argues that his case is "complex," and he has an "inability to investigate facts" because he is "an ADA inmate with a learning disability." (ECF No. 32 at 3.) Plaintiff further provides that he will soon be released from prison, or has already been released,[3] four years early as a result of the COVID-19

---

issue in the SAC occurred in 2013 and 2014, which is outside the applicable statute of limitations. (*See* ECF No. 20.)

[3] Plaintiff attached a CDCR "Release Program Study" form to his motion that provides a scheduled release date of May 3, 2020. (ECF No. 32 at 7.) Plaintiff, however, states that although he was scheduled to be released on May 3, 2020, he will be released "within 48 hours" of April 17, 2020, the date he constructively filed the instant motion. (*Id.* at 2, 5.)

pandemic. (*Id.* at 1–2.) Plaintiff admits that he has received help from another inmate, Patrick Renteria, in litigating this case, and Mr. Renteria "was the one who authored and cleaned up [the] complaint." (*Id.* at 1–3.) However, once Plaintiff is released, Mr. Renteria will not be able to help Plaintiff, and Plaintiff contends that he "will not be able to fight this case on [his] own." (*Id.* at 2.)

Plaintiff represents that he has a learning disability but has not provided any evidence in support. Seemingly contrary to his representations, the Release Program Study form Plaintiff attached to his motion indicates that Plaintiff has no "developmental disabilities." (*Id.* at 9.) In addition, the issues presented in the SAC are not particularly complex, as the SAC asserts a single Eighth Amendment deliberate indifference claim against one defendant. In sum, Plaintiff alleges that in December 2013 and early 2014, Defendant denied Plaintiff's request for hepatitis C treatment because, according to Defendant, Plaintiff was not eligible for treatment under CDCR's hepatitis C "management policy and procedure" guidelines. (ECF No. 14 at 3.) Plaintiff further alleges that he later learned in 2016 that he "was cured of [hepatitis] C" but had developed cirrhosis of the liver. (*Id.* at 4.) As currently alleged in the SAC, the Court finds that Plaintiff's Eighth Amendment deliberate indifference claim "is a typical condition of confinement claim and [is] 'relatively straightforward.'" *Tilei v. Cal. Dep't of Corr. & Rehab.*, No.: 3:19-cv-1708-WQH-KSC, 2019 WL 6737088, at *3 (S.D. Cal. Oct. 17, 2019) (quoting *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015)); *see also Gonzales v. Garcia*, 19-cv-00660-GPC-RBM, 2019 WL 4889733, at *2 (S.D. Cal. Oct. 2, 2019) ("Only 'rarely' will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand.").

Further, despite an alleged learning disability, Plaintiff has been able to communicate through pleadings and motions to sufficiently articulate his claims *pro se.* To date, Plaintiff has successfully navigated this legal proceeding and has filed several motions before the Court, including a Motion to Proceed *In Forma Pauperis* (ECF No. 10), a Motion for Leave to File Excess Pages (ECF No. 12), and two Motions for Appointment

of Counsel (ECF Nos. 11; 32).  Although Plaintiff may have relied on the assistance of another inmate at times, he fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by *pro se* litigants.  Circumstances that are common to *pro se* litigants, such as a lack of legal training and the need for assistance, do not amount to the exceptional circumstances necessary for the Court to appoint counsel.  *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (finding that "difficulties which any litigant would have in proceeding pro se" do not amount to exceptional circumstances).  Additionally, Plaintiff's need to "investigate the facts" and conduct discovery does not render his case complex.  *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").  Therefore, the Court concludes that the second factor weighs against finding that exceptional circumstances exist warranting the appointment of counsel.

### C.     Other Considerations

In addition to the arguments discussed above, Plaintiff contends that he requires counsel because the case involves "conflicting evidences that will need to be resolved in a cross[-]examination by a lawyer and not the plaintiff with a disability." (ECF No. 32 at 3.) But whether or not Plaintiff would require counsel at trial has no bearing on whether the Court should appoint counsel now, at the beginning of the case.  If Plaintiff's case proceeds to trial, the Court may consider *sua sponte* appointing trial counsel.  And again, Plaintiff has not presented any evidence showing that he has a learning disability or how his alleged disability impacts his ability to proceed.

Finally, Plaintiff argues that he requires counsel because he will be homeless upon his release and unable to afford counsel.  (*Id.*)  Although "[i]ndigence alone is not an exceptional circumstance," *Bradford v. Khamooshian*, 17-cv-2053-BAS-AHG, 2019 WL 5061316, at *2 (S.D. Cal. Oct. 9, 2019) (citing *Weygandt*, 718 F.2d at 954), the Court is mindful that Plaintiff may be disadvantaged if he is expected to continue to litigate this case without the prison's resources and law library.  Because of COVID-19's current

impact on the operations of public resources, like law libraries, Plaintiff may not have access to the legal resources he will need to continue to litigate this case.  However, given that Defendant has moved to dismiss the SAC, and Plaintiff has already filed an opposition to Defendant's motion (ECF No. 28), the Court finds that any potential impact COVID-19 may have on Plaintiff's ability to proceed does not warrant a finding of exceptional circumstances now, before Defendant's motion is ruled upon.[4]

### III.  CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has not demonstrated the exceptional circumstances necessary for the appointment of pro bono counsel at this time.  Accordingly, Plaintiff's Motion for Appointment of Counsel (ECF No. 32) is **DENIED without prejudice**.  Plaintiff is not precluded from requesting appointment of counsel at a later stage of this case upon making the requisite showing of exceptional circumstances.

In addition to the address listed for Plaintiff on CM/ECF, the Clerk of Court is **DIRECTED** to mail a copy of this Order to the following address:

Barry Ernest Ochoa
39161 Trail Creek Lane
Temecula, California 92591

**IT IS SO ORDERED.**

Dated:  May 1, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[4] That is not to say the Court will necessarily appoint counsel for Plaintiff if the SAC survives Defendant's Motion to Dismiss.  The test for exceptional circumstances is not simply whether Plaintiff would benefit from the appointment of counsel.  *See Wilborn*, 789 F.2d at 1331.