
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ERNEST OCHOA,<br><br>                              Plaintiff,<br>vs.<br><br>C. VON LINTIG,<br><br>                              Defendant. | Case No. 19cv346-MMA (JLB)<br><br>**ORDER DENYING DEFENDANT VON LINTIG'S MOTION TO DISMISS**<br><br>[Doc. No. 20] |

      Plaintiff Barry Ernest Ochoa, a California inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Dr. C. Von Lintig violated his Eighth Amendment right to adequate medical care. *See* Doc. No. 14. Defendant Von Lintig moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 20. Plaintiff filed a response in opposition, to which Defendant Von Lintig replied. *See* Doc. Nos. 28, 29. The Court took the matter under submission without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 30. For the reasons set forth below, the Court **DENIES** Defendant Von Lintig's motion.

# BACKGROUND[1]

On July 3, 2013 Plaintiff "arrived" at Centinela State Prison and "requested [hepatitis] C treatment." Doc. No. 14 at 3.[2] Medical staff ordered "bloodwork" on July 26, 2013 which "showed Plaintiff had [hepatitis] C genotype 1(a)." *Id.* Plaintiff was "referred to the [hepatitis] C clinic where additional bloodwork was ordered." *Id.* Plaintiff claims this additional bloodwork "showed an increase in the severity of [Plaintiff's] medical condition." *Id.*

On November 12, 2013, Plaintiff made an "additional request for treatment" when he was seen at the "Hep C clinic." *Id.* Plaintiff alleges he "complained of extreme pain and recurring symptoms." *Id.* However, he claims Defendant Von Lintig "refused [Plaintiff's] request for treatment" because according to the "CDCR's" hepatitis C (also referred to as "HCV") "management policy and procedure," Plaintiff needed to be "at least stage 2" before he became "eligible for the treatment." *Id.* Plaintiff alleges Defendant Von Lintig "refused to complete a (TAR) treatment authorization request" *Id.* "At this point the [Plaintiff's hepatitis C] had not yet caused any permanent liver (or other) damage." *Id.* Von Lintig did order a "biopsy of [Plaintiff's] liver." *Id.* at 13.

On January 10, 2014, a "report was issued indicating that the results of the biopsy" indicated that Plaintiff's hepatitis C "had progressed to stage 2." *Id.* Plaintiff was "notified that a 14 day follow up would be generated" but "it never happened." *Id.* Plaintiff submitted a "Health Care Services Request" form "seeking treatment" for his stage 2 hepatitis C. *Id.*

"Weeks later," Plaintiff had an appointment with Defendant Von Lintig and claims he "stated [his] concern about developing cirrhosis" and "requested treatment." *Id.*

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in Plaintiff's complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

However, Plaintiff alleges Von Linting "denied [his] request and stated CDCR's policy had changed and [he] would not now be eligible for treatment" until he reached "stage 3." *Id.*

Plaintiff was examined by Dr. Rogelio Ortega on February 1, 2016, who informed Plaintiff that he was "concerned about [him] developing cirrhosis." *Id.* One day later, Dr. Kyle Seely examined Plaintiff and "noted that [he] was eligible for Hepatitis C treatment and he completed a TAR." *Id.* On March 8, 2016, Dr. Seeley informed Plaintiff that his treatment "was deferred by the HCV Oversight Committee due to [Plaintiff] possibly being released early on parole." *Id.* However, Dr. Seeley, after speaking with Plaintiff, "emailed the HCV and informed them [Plaintiff] was not eligible for early parole and asked to reconsider the processing of Plaintiff's TAR." *Id.* at 3-4.

On March 16, 2016, Plaintiff "treatment was approved by Mr. Carmichael." *Id.* at 4. Plaintiff completed treatment on June 16, 2016. *See id.* at 4. While the "treatment allegedly" showed Plaintiff was "cured" of hepatitis C, further testing showed he had cirrhosis of the liver. *Id.*

Based on these allegations, Plaintiff brings an Eighth Amendment inadequate medical care claim against Defendant Von Lintig. She moves to dismiss Plaintiff's claim, arguing that the claim is barred by the applicable statute of limitations and Plaintiff fails to state a plausible claim for relief. Plaintiff responds that he is entitled to tolling of the statute of limitations and his claim is sufficiently pleaded.

### DISCUSSION

#### 1. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard

thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### 2. Analysis

#### a) Statute of Limitations

As a threshold matter, Defendant Von Lintig argues that Plaintiff's cause of action is untimely and therefore barred by the applicable statute of limitations. Defendant Von Lintig treated Plaintiff beginning in November 2013 through January 10, 2014. Plaintiff initiated this action on or around February 19, 2019.[3] *See* Doc. No. 9 at 7.

---

[3] The Clerk of Court administratively opened this case and docketed Plaintiff's initial complaint on February 19, 2019. *See* Doc. No. 1. The Court acknowledges that under the "mailbox rule," when a *pro*

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted); *see also Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–78 (2004)); *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483–84 (1980). In California, the statute of limitations for a personal injury claim based on the wrongful or negligent act of another is two years from the date of accrual. *See* Cal. Civ. Proc. Code § 335.1.

The date upon which a cause of action accrues is governed by federal law. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). This is generally when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996). Defendant Von Lintig points out that Plaintiff alleges he knew of the risk of developing cirrhosis of the liver at the time Von Lintig oversaw his treatment for hepatitis C. Based on this allegation, Defendant Von Lintig argues that the statute of limitations began running in early 2014, at the latest. However, Plaintiff also alleges he did not actually develop cirrhosis until 2016 and moreover, he was not aware he had the disease until 2017 when he finally received his medical records.

As mentioned above, a plaintiff may be entitled to statutory or equitable tolling of the applicable limitations period. Under California's "delayed discovery rule," the statute of limitations may be tolled "until the plaintiff discovers, or has reason to discover, the

---

*se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed by the prisoner. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); *Douglas v. Noelle*, 567 F.3d 1103, 1104 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, the Court ordered Plaintiff's initial complaint stricken from the record and the case administratively terminated based on Plaintiff's failure to comply with General Order 653A. *See* Doc. No. 4. There is no longer a record of the date Plaintiff signed his initial complaint. However, as discussed *infra*, the discrepancy is immaterial for purposes of determining whether Plaintiff's cause of action is timely.

cause of action." *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). A plaintiff has "reason to discover" a cause of action when he "has reason at least to suspect a factual basis for its elements." *Id*. "[T]he last element to occur is generally, as a practical matter, the injury to the future plaintiff." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 809 (2005).

Plaintiff alleges that on August 11, 2016, "further testing showed [he] had cirrhosis of the liver." Doc. No. 14 at 4. Plaintiff claims that he developed cirrhosis because Defendant Von Lintig failed to treat him for hepatitis C. Although she stopped treating Plaintiff in or around January 2014, Plaintiff's cause of action against Defendant Von Lintig could not have accrued until the complained-of injury manifested. Here, the relevant injury is cirrhosis of the liver, the "development of the problem [hepatitis C] into a more serious condition which poses greater danger to the patient or which requires more extensive treatment." *Augustine v. United States*, 704 F.2d 1074, 1078 (9th Cir. 1983). In such a case, the Ninth Circuit instructs that it is only when "the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing condition into a more serious condition that his cause of action can be said to have accrued . . .." *Id*.; *see also McDonald v. Macabuhay*, No. CV07-1022-PHX-GMSMHB, 2009 WL 2432833, at *6 (D. Ariz. Aug. 10, 2009) ("The Court finds that Plaintiff's claims are not barred by the statute of limitations because he had no reason to know that any of Defendant's actions or inactions caused him any injury until he discovered he had cirrhosis in July 2006.").

Taking Plaintiff's allegations as true, as this Court must at this stage of the proceedings, Plaintiff's injury manifested in August 2016. California law provides that "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life," the statute of limitations is tolled for two years. Cal. Civ. Proc. Code § 352.1. The Court takes judicial notice of the fact that Plaintiff is incarcerated "for a term less than for life," *see People v. Ochoa*, No. B246266, 2014 WL

6

19cv346-MMA (JLB)

4409613, at *1 (Cal. Ct. App. Sept. 8, 2014), and is therefore entitled to two years of statutory tolling. *See* Fed. R. Evid. 201(b); *see also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (holding that a court may "'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss."); *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971) (court took judicial notice of proceedings and filings in California courts). Plaintiff had a total of four years beginning in August 2016 to bring his claim against Defendant Von Lintig. Plaintiff's cause of action is timely even without the benefit of the discovery rule. Accordingly, the Court must determine whether Plaintiff states a plausible Eighth Amendment claim.

### b) Eighth Amendment Claim

Prisons must provide medical care for their prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Failure to do so can amount to an Eighth Amendment violation under 42 U.S.C. § 1983. *Id.* at 105. To succeed on an Eighth Amendment claim for deficient medical care, a plaintiff must show "deliberate indifference" to his or her "serious medical needs." *Id.* at 104. This includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

To satisfy the objective standard, a plaintiff must prove the existence of a serious medical need. *Estelle*, 429 U.S. at 104. A serious medical need exists whenever failure to provide treatment "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc)) (internal quotation marks omitted). "Indications that a plaintiff has a serious medical need include 'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition

that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *McGuckin*, 974 F.2d at 1059-60).

Plaintiff's allegations regarding hepatitis C are sufficient to satisfy the objective component of his Eighth Amendment claim. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (allegation that the denial of hepatitis C treatment resulted in endangerment of the plaintiff's life sufficiently meets the objective requirement for an Eighth Amendment claim based on deliberate indifference to a serious medical need); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (hepatitis C is a chronic disease that "quite obviously cause[s] serious health problems, and can result in death").

Plaintiff also must plausibly allege that Defendant Von Lintig was deliberately indifferent to his serious medical needs. A prison official is deliberately indifferent whenever the official "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)) (internal quotation marks omitted). This requires more than mere misdiagnosis, medical malpractice, or even gross negligence. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). But deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

According to Plaintiff, he presented to Defendant Von Lintig in extreme pain and otherwise displaying symptoms of hepatitis C. Defendant Von Lintig advised that he did not qualify for treatment under the applicable regulations at the time she initially treated him.[4] Plaintiff further alleges that Defendant Von Lintig ordered a liver biopsy to

---

[4] Defendant Von Lintig has submitted two exhibits in support of her motion, including the California Correctional HealthCare Systems' "receivership fact sheet" and "care guide for hepatitis C." Crenshaw Decl., Exs. A and B, Doc. No. 20-2. However, on a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit its review to the operative complaint and may not consider extrinsic evidence. *See Lee*

determine whether Plaintiff's condition had progressed such that he did in fact qualify for treatment. According to Plaintiff, his condition had progressed but Defendant Von Lintig again refused treatment. Von Lintig advised Plaintiff the refusal was based on a change in applicable policy which required his condition to be further advanced and did not follow up any further.

As noted above, denying a plaintiff treatment may support a colorable Eighth Amendment claim. *See, e.g.*, *Shapley v. Nevada Bd. Of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985). And in *Colwell*, *supra*, the Ninth Circuit made clear that the categorical denial of medically necessary treatment is "the paradigm of deliberate indifference." 763 F.3d at 1063. Plaintiff has alleged sufficient facts to support the subjective component of his claim against Defendant Von Lintig. Accordingly, dismissal of Plaintiff's Eighth Amendment claim at this stage of the proceedings would be improper.

//
//
//
//
//

---

*v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are exceptions to this general rule, including judicially noticeable facts and application of the incorporation-by-reference doctrine wherein the Court may consider "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . .." *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996) (internal quotations and citations omitted). Defendant relies on the latter principle, noting that Plaintiff refers in his complaint to "CDCR's Hep C management policy & procedure." Doc. No. 14 at 3. However, Plaintiff's references are general in nature while Defendant's exhibits are quite specific. In this particular case, consideration of Defendant's proffered exhibits would require the Court to expand the scope of the incorporation-by-reference doctrine beyond its appropriate reach. Accordingly, the Court does not consider the proffered exhibits in ruling on the Defendant's motion. Similarly, the Court finds it inappropriate to consider the exhibits proffered by Plaintiff in support of his response to Defendant's motion. *See* Doc. No. 28 at 19-37. Furthermore, the Court declines to convert Defendant's motion to dismiss into a motion for summary judgment in order to do so.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant Von Lintig's motion to dismiss.

**IT IS SO ORDERED**.

DATED: May 21, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge