UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ERNEST OCHOA,<br><br>         Plaintiff,<br><br>v.<br><br>CARLA FRIEDERIKE VON LINTIG,<br><br>         Defendant. | Case No.: 19-cv-00346-MMA-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING *EX PARTE* MOTION TO MODIFY SCHEDULING ORDER; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 43; 45]** |

  Before the Court is Defendant Carla Friederike Von Lintig's second *Ex Parte* Motion to Modify Scheduling Order. (ECF No. 45.) Defendant requests a sixty-day extension of the March 1, 2021 discovery cutoff and the March 29, 2021 pretrial motions deadline and a continuance of the March 11, 2021 Mandatory Settlement Conference. (*Id.* at 1.) Defendant provides that good cause exists for the requested extensions and continuance because Plaintiff failed to appear for his deposition, which was noticed for January 12, 2021. (*Id.* at 2.) Defendant further provides that Plaintiff has secured counsel, but his counsel has not yet appeared in the case. (*Id.*)

///

For good cause shown, Defendant's *ex parte* motion (ECF No. 45) is **GRANTED**, and the operative Scheduling Order (ECF No. 43) is amended as follows:

1. A telephonic, counsel-only **Status Conference** shall be held before Magistrate Judge Jill L. Burkhardt on **March 3, 2021**, at **2:00 PM**. For purposes of the Status Conference, counsel for Plaintiff and defense counsel shall call the Court's teleconference line at (877) 873-8018 and use access code 9930765.

2. All discovery shall be completed on or before **April 30, 2021**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure

The parties or their counsel, if represented, shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel and the parties to make every effort to resolve all disputes without court intervention through the meet and confer process. Discovery motions must be filed in the time and manner directed by Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes). All discovery motions must be filed within 30 days of the service of an objection, answer, or response that becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred to resolve the dispute **and** requested an informal teleconference with the Court.

3. A **Mandatory Settlement Conference** shall be conducted on **May 6, 2021**, at **9:00 AM** in the chambers of Magistrate Judge Jill L. Burkhardt, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. If Plaintiff is incarcerated, Plaintiff shall appear at the settlement conference by video conference, and defense counsel shall assist in coordinating the arrangements for Plaintiff's video conference appearance. If Plaintiff is not incarcerated, Plaintiff shall attend the settlement conference in person.

The parties or their counsel, if represented, shall LODGE confidential settlement statements in accordance with Judge Burkhardt's Civil Chambers Rules no later than **April 26, 2021**.  The confidential settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov.  However, if e-mail is unavailable, settlement conference statements may be lodged by mail to the U.S. District Court, Southern District of California, Office of the Clerk, Attn: Magistrate Judge Burkhardt's Chambers, 333 West Broadway, Suite 420, San Diego, California 92101.  **Settlement conference statements shall not be filed via the CM/ECF system.  Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a list of all attorney and non-attorney attendees for the Conference, including person(s) and their title(s) or position(s) with the party who will attend and have settlement authority at the conference.

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

settlement conference.  In the case of a corporate entity, an authorized representative of the corporation who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer, excluding punitive damages prayers.  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.**

4. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **May 28, 2021**.[2]  Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

5. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 4, *supra*, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines.  The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

6. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

7. The dates and times set forth herein will not be modified except for good cause shown.

---

[2]   This deadline is not applicable to pretrial motions *in limine*.  For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

8. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum shall exceed ten (10) pages without leave of a district judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

9. This Order does not otherwise amend the Court's previous Scheduling Orders (ECF Nos. 37; 43).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the following addresses:

Barry Ernest Ochoa
39161 Trail Creek Ln
Temecula, CA 92591

Philip Deitch
19360 Rinaldi St, Ste 330
Porter Ranch, CA 91326

**IT IS SO ORDERED.**

Dated: February 17, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge